IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | |
|---|---|
| WALTER M. STEWART, JR., | |
| Plaintiff, | CAUSE NO. CV 07-108-BLG-RFC-CSO |
| vs. | ORDER GRANTING IN FORMA PAUPERIS STATUS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |
| CARLOS JONES, MICHELLE PHILLIPS LORI BRYON, ROBERT BYRON, SAFARA BIGLAKE, and JACINTA STEWART, | |
| Defendants. | |

_____

This matter is currently before the Court on Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (*Court's Doc. No. 1*) and proposed civil complaint regarding a federal criminal conviction in 1995.  (*Court's Doc. No. 2*).

## I.  MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff filed his motion to proceed *in forma pauperis* on July 30, 2007.  Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Because it appears Plaintiff lacks sufficient funds to prosecute this action, his Motion to Proceed *In Forma*

ORDER GRANTING IN FORMA PAUPERIS STATUS AND
FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO
DISMISS COMPLAINT / PAGE 1

*Pauperis* will be granted.  Plaintiff's Complaint shall be deemed filed as of the date that the

Motion to Proceed *In Forma Pauperis* was filed and the proposed complaint was delivered to the

Clerk of Court.  *See Loya v. Desert Sands Unified Sch. Dist.,* 721 F.2d 279, 280-81 (9th Cir.

1983); *see also United States v. Dae Rim Fishery Co.*, 794 F.2d 1392, 1395 (9th Cir. 1986)

(concluding complaint constructively filed when delivered to clerk of court).[1]

## II.  *PRELIMINARY SCREENING STANDARDS*

The court has permitted Plaintiff to proceed in forma pauperis.  As such, his complaint is

subject to screening under 28 U.S.C. § 1915, which imposes a screening responsibility on the

district court.  Section 1915(e)(2) reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid,
> the court shall dismiss the case at any time if the court determines that– (A) the
> allegation of poverty is untrue; or (B) the action or appeal— (i) is frivolous or

---

[1]Case law from courts in the First, Second, Third, Fifth, Seventh, Tenth, and District of Columbia circuits supports this position. *See Shabazz v. Cole,* 69 F.Supp.2d 177, 191 (D.Mass.1999) ("For statute of limitations purposes, a complaint in an action where leave to proceed in forma pauperis is requested is generally deemed to have been filed on the day the motion is received by the Clerk of the Court."); *Rosenberg v. Martin*, 478 F.2d 520, 522 n. 1a (2nd Cir. 1973) (holding that the "action must be treated as commenced ... when the Clerk of Court received the complaint" in a case in which the plaintiff filed both the complaint and an IFP application, but the IFP application was not granted until 35 days later and complaint was then "formally filed"); *McDowell v. Del. State Police*, 88 F.3d 188, 191 (3rd Cir. 1996) ("Although a complaint is not formally filed until the filing fee is paid, we deem a complaint to be constructively filed as of the date that the clerk received the complaint-as long as the plaintiff ultimately pays the filing fee or the district court grants the plaintiff's request to proceed in forma pauperis."); *Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1392 (5th Cir. 1991) ("This court has held ... that a delay by the clerk in stamping a complaint 'filed' due to the pendency of a motion to proceed IFP does not jeopardize the timeliness of the plaintiff's commencement of suit."); *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 n. 5 (7th Cir. 1988) ("[T]he generally accepted rule [is] that a complaint is deemed 'filed' within the meaning of Fed.R.Civ.P. 3 for purposes of invoking the court's jurisdiction over an action when it is placed in the custody of the district court clerk."); *Jarrett v. U.S. Sprint Commc'ns Co.*, 22 F.3d 256, 259 (10th Cir. 1994) ("Plainly, the statute of limitation is tolled while the IFP petition is pending.").

ORDER GRANTING IN FORMA PAUPERIS STATUS AND
FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO
DISMISS COMPLAINT / PAGE 2

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).  Thus, this section provides that the Court may dismiss the complaint

before it is served upon the defendants if it finds that the complaint is "frivolous" or that it "fails

to state a claim upon which relief may be granted."

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A complaint

fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds"

of his "entitlement to relief."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. ____, 127 S.Ct. 1955,

1964-65 (May 21, 2007) (quotation omitted).  This requirement demands "more than labels and

conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id*.  A complaint

must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it

rests.'" *Erickson v. Pardus*, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting *Bell*, 127 S.Ct. at

1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Additionally, "[a] document filed pro se is 'to be liberally construed,' and 'a pro se

complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers.'" *Erickson*, 127 S.Ct. at 2200; *Cf*. Fed. Rule Civ. Proc. 8(f) ("All

pleadings shall be so construed as to do substantial justice").

III.  **PARTIES**

Plaintiff is proceeding *pro se* and *in forma pauperis*.

The named Defendants are Carlos Jones, Chief United States Probation Officer in

ORDER GRANTING IN FORMA PAUPERIS STATUS AND
FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO
DISMISS COMPLAINT / PAGE 3

Billings, Montana; Michelle Phillips, Sex-Therapist in Billings/Hardin, Montana; Lori Byron,

Medical Doctor, Crow/Cheyenne Hospital, Crow Agency; Robert Byron, Medical Doctor,

Crow/Cheyenne Hospital Crow Agency, Montana; Safara Biglake, B.I.A., Billings, Montana.

## IV.  PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that  in 1995 he was charged under 18 U.S.C. § 1152 in Cause No. CR-

95-23-BLG-JDS.  He contends that before going to trial in that matter there was evidence that

Plaintiff was not involved in the crime and that his D.N.A. would prove this.  He submits that all

the named Defendants could have proven that he did not commit this crime.

He has now apparently been released from federal custody as indicated in his Notice of

Change of Address dated August 2, 2007.  (*Court's Doc. No. 4*).  Although the Court could

require Plaintiff to submit an updated motion, in light of the ruling below, it will not do so.

## V.  ANALYSIS

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court

held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment,

or for other harm caused by actions whose unlawfulness would render a conviction or sentence

invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct

appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or

expunged.  *See Martin v. Sias,* 88 F.3d 774, 775 (9th Cir.1996) (applying *Heck* to *Bivens v. Six*

*Unknown Named Agents*, 403 U.S. 388 (1971) actions).  Plaintiff has failed to allege or show that

his conviction has been reversed, declared invalid, expunged, or called into question. Thus, his

claim is premature and he has failed to state a claim upon which relief may be granted.

ORDER GRANTING IN FORMA PAUPERIS STATUS AND
FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO
DISMISS COMPLAINT / PAGE 4

Therefore, the Court should dismiss this case.

Based upon the foregoing, the Court makes the following:

**ORDER**

1.  Plaintiff's Motion for Leave to Proceed *in forma pauperis* (*Court's Doc. No. 1*) is

**GRANTED.**  The Clerk of Court shall waive prepayment of the filing fee.

2.  The Clerk shall edit the text of the docket entry for the Complaint to remove the word

"LODGED" and the Complaint is **DEEMED FILED** on July 30, 2007.


Further, the Court makes the following:

**RECOMMENDATION**

1. Plaintiff's Complaint (*Court's Doc. No. 2*) should be **DISMISSED WITH PREJUDICE**

for failure to state a claim upon which relief can be granted.

2.  Pursuant to Fed. R. App. P. 24(a)(4), the district court should **CERTIFY** that any appeal

by Plaintiff from this disposition would be taken in bad faith.

3.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts

as a strike with regard to the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND
CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this

Findings and Recommendations within ten (10) business days of the date entered as indicated on

the Notice of Electronic Filing.  A district judge will make a *de novo* determination of those

ORDER GRANTING IN FORMA PAUPERIS STATUS AND
FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO
DISMISS COMPLAINT / PAGE 5

portions of the Findings and Recommendations to which objection is made.  The district judge

may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to

timely file written objections may bar a de novo determination by the district judge.

**PLAINTIFF IS CAUTIONED TO KEEP THE COURT ADVISED OF ANY**

**CHANGE OF ADDRESS.  A FAILURE TO DO SO COULD RESULT IN THE**

**DISMISSAL OF THIS CASE WITHOUT FURTHER NOTICE TO PLAINTIFF.**

DATED this <u>14th</u> day of August, 2007.

/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge

ORDER GRANTING IN FORMA PAUPERIS STATUS AND
FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO
DISMISS COMPLAINT / PAGE 6