```
                                          FILED
                                       BILLINGS DIV.

                                       2007 OCT 2 PM 2 23

                                       PATRICK E. DUFFY, CLERK
                                       BY _____
                                              DEPUTY CLERK
```

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| WALTER M. STEWART, JR., | Cause No. CV-07-108-BLG-RFC |
| Plaintiff, | |
| v. | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE** |
| CARLOS JONES, MICHELLE PHILLIPS, LORI BRYON, ROBERT BRYON, SAFARA BIGLAKE, and JACINTA STEWART, | |
| Defendants. | |

On August 14, 2007, United States Magistrate Judge Carolyn S. Ostby entered her Findings and Recommendation. Magistrate Judge Ostby recommends this Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted. Magistrate Judge Ostby further recommends this Court certify that any appeal taken by Plaintiff from this disposition would be taken in bad faith, pursuant to Fed.R.App.P. 24(a)(4); and the docket reflect that the filing of this action count as a strike against Plaintiff, pursuant to 28 U.S.C. § 1915(g).

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). Plaintiff requested and was given an additional 10 day extension of time to file written objections. In this matter, no party filed objections to the

1

August 14, 2007 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

Plaintiff alleges that in 1995 he was charged under 18 U.S.C. § 1152 in Cause No. CR-95-23-BLG-JDS. Plaintiff contends that before going to trial in that matter there was evidence that Plaintiff was not involved in the crime and that his DNA would prove this. Plaintiff submits that all the named Defendants could have proven he did not commit this crime.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (applying *Heck* to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) actions).

Plaintiff has failed to allege or show that his conviction has been reversed, declared invalid, expunged, or called into question. Thus, his claim is premature and he has failed to state a claim upon which relief may be granted.

Accordingly, **IT IS HEREBY ORDERED** Plaintiff's Complaint (*Doc. 2*) is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

The docket shall reflect that the filing of this lawsuit counts as one strike against Plaintiff, pursuant to 28 U.S.C. § 1915(g). Also, pursuant to Fed.R.App.P. 24(a)(4), it is **CERTIFIED** that any appeal taken by Plaintiff from this disposition would not be taken in bad faith.

The Clerk of Court shall notify the parties of the making of this Order.

DATED the 2nd day of October, 2007.

/s/ Richard F. Cebull
RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE